Good morning, Your Honors. I'm Rebecca Parker, Counsel for Howard Ehrenberg, Chapter 7 Trustee, appellee in this case. I would like to reserve two or three minutes for rebuttal. This case can be divided into two parts. The first part is, as I'm sure the Court is aware, the case was dismissed rather than adjudicated on the merits after oral argument was heard on the basis of the fact that some missing documents in the excerpts of record presented by the trustee in this case. Is there some reason why the trustee did not comply with our rules? I mean, the rules are pretty clear as to what you have to include in them. What's the trustee's explanation for noncompliance? First of all, it was a mere oversight. The trustee would have included the complaint and the answer as part of its excerpts of record if it had a chance to do it over again, or if it had been provided notice that there was something wrong with the facts of the case. Well, the rules provide notice as to what should be included. What I don't understand is, is it a problem with the fact that our rules are not clear, or is it a problem with the fact that the trustee did not read the rules before filing the brief and the excerpts of record? Well, since I was the counsel who prepared the papers, I can tell you exactly what happened, and that is we were so focused on the summary judgment. And in this case, the complaint was a boilerplate complaint. The answer was a general denial with a traditional affirmative defense thrown in. There was nothing elucidating in those documents. And the summary judgment papers had a statement of genuine issues and the other statement filed by the other party. And in counsel's mind, that was the complete record. The way the rule reads is that the attorney is to attach the complaint and answer, and then it has a comment that says, or other applicable documents. Although the rule seems clear on paper, in counsel's mind, when they attach the documents, the moving papers were the summary judgment motion, and the responsive papers were the response to the summary judgment motion and the reply. So did you read it in the disjunctive, that you could either do the complaint and the answer or other papers? Is that what you're saying? Yes. And I acknowledge now that that is wrong. Did the BAPA in some way call this a deficiency in the record to your attention? No. The deficiency in the record was not called to our attention until we received the written order dismissing the appeal after oral argument. There was no notice of deficiency. There was no OSC. We went to oral argument, and the argument was made on the merits in front of the panel, and there was no mention of any deficiency during the oral argument. Did you seek afterward to ask the BAPA to reconsider? No. We just filed the appeal right away, presumably right. Why did you go back to the BAPA and point out what you're pointing out to us? I suppose that was an option, to go back to the BAPA. We took the option instead of appealing. It wasn't clear from the BAPA's order that the BAPA was going to appeal. I don't believe that the BAPA considered any of the issues on merits. That gets me back to your opening remarks. You said something about the two parts to your argument. Right. What's the second part? Well, the second part would be considering the issues on the merits, and I don't know whether the court … Well, if we agree with you that on the first part, should we reach the merits or should we just send it back to the BAPA? I believe that there's an option there. The court can either … I know, but what you think is the, you know, proper or the better option? I think the proper option would be to remand it to the BAPA, to be determined to have the BAPA look at the issue on the merits. And, of course, now the record does include the complaint and the answer. So if that helps the BAPA in determining the issue on appeal, that will be there for their review. I should note that the only really missing document was the answer. The complaint was provided by the other side in their excerpts of record, and the judgment was attached to the notice of appeal. So although they were more difficult to find in the record, they were there. I know it was the trustee's job to make it easy for the court to find them, and I don't argue that it was correct of us not to point that out. But an OSC or a warning letter or a statement that something was missing from our excerpt of record, that could have been handled overnight. Or even on the day of the oral argument, I had those documents with me. What was the notice, to follow up on Judge Tashima's question, what was the notice that the deputy clerk for the bankruptcy appellate panel had sent out, I guess it was in June of 2002, notifying you that there was a deficiency with regard to the record? It was just the designation of the record was late, if I recall correctly. I'm referring to a June 5, 2002 clerk order. Right. It didn't have to do with anything having to do with the excerpt of the record? Well, as I understand the record, it was a notice basically that the appeal was deficient, and was subject to dismissal for failure to prosecute because the trustee had failed to file the designation of record, the statement of the issues, the transcript order notice, and the transcripts. Right. There was some due – there was a problem at the bankruptcy court level because there was no record at all in the bankruptcy court. There just was no record. The judge didn't have oral argument. There were no written findings. And there was nothing to file as far as transcripts were concerned. So we had to file a document that basically said there were no transcripts. But you hadn't done that. That's what I understand the clerk – Right. But then we corrected that. Okay. So we did correct that problem. And I recall I made it very clear that there was no record. I think I said it several times just to make sure the clerk understood that there weren't missing transcripts because there was no transcript, that there wasn't missing findings of fact because there were no findings of fact. There was simply an order. And there was no tape or anything that had to be transcribed. But I think because there was the assumption that that existed, there was a delay in telling us that there was a problem with something missing. So I had to just file a document that said there were no transcripts, which is what I did. So that's what that was. As I said, I think the proper – Well, why don't you save your time for rebuttal and see what the other side has to say. You don't have to fill up your whole time. Paul Gale on behalf of Cal State Fullerton Foundation. With respect to the dismissal, it wasn't just the answer that wasn't filed. I suspect what happened was after oral argument they said, okay, let's look at the order being appealed from – I'm speculating here, but that's the first thing one would logically do. Let's see what the order is. And that was never part of the excerpts of record ever. You know, it's odd you should say that. Wouldn't you expect the panel to look at the order before they get to oral argument? We usually try to do that. I don't know. There are a lot of issues here, you know, sovereign immunity and some pretty substantive issues and meaningful evidence. I'm just speculating that that's probably, okay, let's see what the order was. And O'Brien versus Community Commerce Bank, this Court said that a dismissal is proper when you fail to attach to the excerpts of record the order being appealed from. Well, generally, though, although obviously our own opinions have come down hard on counsel for not making a complete record, the rule generally provides, except in some exceptional circumstances, for some kind of notice to the parties and an opportunity to cure. And there's none of that here. They just sort of – I mean, they went through the whole argument and then get to the deliberative stage of proceedings and zap all the parties. It seems a bit unusual, even deferring to the BAP and understanding their frustration. I can't possibly second guess. Well, let's focus on Cal State Foundation's position. Were you prejudiced at all by any of this? You had the – aside from having gone through the whole argument and invested all the prep and argued the case? It's been a frustrating process on appeal in terms of the record, both in the BAP and in this Court. We had to supplement the record significantly. All of our evidentiary documentary exhibits were not included in the excerpts of record before the BAP or in this Court. Our evidentiary objections were not included. I had attached the tentative ruling of the trial court to my declaration of BAP, which, by the way, because a comment was made about oral argument, the district court said if you want oral argument, request it. I had to attach that to the excerpts of record. We had to file a motion in the BAP. They're not serving us with documents. So maybe it was a culmination of things. I don't think it's an error of law that this Court reviews. I think it's whether it's an abuse of discretion. I understand that. Returning to Judge Fischer's question, so far you haven't said you were prejudiced. Well, the prejudice would be if Judge Tashima, you asked what – you asked counsel what you thought would be the proper protocol here. And I think the university, the foundation, would be prejudiced if you remanded to the BAP for them to rule on the merits because we've done the substantive briefing there. We've done the substantive briefing here in terms of the expense to the foundation to go back to the BAP to have them to rule on the merits and then come back up here. What's the prejudice? You mean additional attorney's fees for the foundation? Is that what you mean? Well, that could be addressed as a sanction, I suppose. I mean, I'm not – I don't think we're here to indicate tolerance or weak excuses for noncompliance with the rules. But looking to our case law and the actual facts of this case, the order, as I understand it, is this one-page order. That's what was missing. Is that correct? Yes. So even if the BAP had gotten it, it would have not been very illuminating. Correct. Okay. So we look at those circumstances, and I appreciate what you're saying of having to carry the water that your opposing counsel may have been under the rules obligated to carry to get the right record before the BAP. But it was there. It was the argument. So what I'm trying to understand, just looking at this, weighing the importance of compliance with rules and the substance of what actually – of what harm was inflicted here, this coming after the argument seems to me that if this goes back to the BAP, you can go back, update whatever needs to be done. And clearly, the BAP, presumably under our rules, could contemplate additional or alternative sanctions. I guess I understand. And I guess when I read de la Rosa, it was such a passionate statement about following the rules, and it was kind of in your face to the court of appeal. But, Ann, finally, the footnote from the BAP's opinion saying that from what we saw of the record, there would not be this carriage of justice here. Yeah. I share. I was frustrated when I saw the ruling because I felt we were on such solid ground, and I thought I feel that this case, the summary judgment motion, should be affirmed on appeal. There was not a single piece of evidence that was submitted that was admissible in the trial court that went against our position. And I was frustrated when I got the ruling. I'll admit that. Mr. Yale, I don't mean to imply by my question any wrongdoing on the Foundation's part, but I'm just curious when opposing counsel who has the primary obligation under the rule fails to comply and include key documents that the appellate panel needs to resolve the appeal, why didn't you just file a supplemental excerpt of record on behalf of the Foundation? We filed the complaint because you can't adjudicate on appeal whether summary judgment should be granted unless you see the claims for relief. Right. The supplemental excerpt of record was about the complaint, the answer, the exhibits to the declarations, the evidentiary objections. The only thing we did not include was the order, and I don't know why I didn't do that. But the record was so incomplete that the supplement to the excerpts of record was actually larger than the excerpts of record file. Okay. Okay. All right. I think we have the argument. By way of rebuttal, I just want to mention the case law having to do with the omissions. Nearly all of the cases in the facts underlying the issue had OSCs issued that the counsel then ignored, so they were given a chance to comply with the rules and then they failed. And in the O'Brien case, the record was completely poor. Yeah, no, I think we're understanding. We've read the briefs. I think the problem we have, counsel, is that we have been victimized time and again as an appellate court with sloppy records, incomplete records, and the appellate courts sitting as appellate courts have a lot of cases to deal with. And when counsel don't follow the rules, it puts an enormous burden on the system, including on opposing counsel. And when one doesn't comply with the rules, you're making unnecessary trips back and forth to the appellate courts. We understand that. And I should point out that the Ninth Circuit rule on it provides a specific rule on the issue and provides for a notice and an opportunity cure in their rule, which arguably applies in this case, given that the BAP doesn't have a specific rule on the issue. And lastly, I would add that the trustee also feels strongly that they have a strong case on the merits in this case, that the trustee proved his crime in case of fraudulent transfer, and that the agency defense was not, the burden was not met by the evidence on the agency defense in this case. Okay. I trust if this case comes back to us that we won't see a repeat of these kinds of rule violations on the next round of appeals. No. In fact, my office has become very good at appeals now. Delighted to hear it. Thank you. Thank you, counsel, for the arguments. The case disargued is submitted. Thank you. I'll call the next case on calendar. Before I do so, let me just, for the record, observe that or note that O'Grady v. Barnhart has been submitted on the briefs. Ennis v. Barnhart has also been submitted on the briefs. And, therefore, we'll go to Nemcum v. Ashcroft.
judges: Tashima, Fisher, Tallman